Curia, per
Butler, J.
The rights of parties in cases of prohibition, must depend on the legal character and position of the parties concerned, as well as the object to be attained by the proceeding itself. The primary object of the writ of prohibition is to restrain inferior courts within their jurisdiction, upon a suggestion that the cognizance of the matter belongs not to such courts ; and in case they exceed their jurisdiction, the officer who executes the sentence, and in some cases the Judges that give it, are punishable in the superior courts; sometimes at the suit of the king, sometimes at the suit of the party, and sometimes at the suit of both, according to the nature of the case. 5. Bac. Abr. A. A prohibition issuing out of the common pleas, must be by suggestion on record, and therefore is considered at the suit of the party, in which he may be non-suited. 5 Bac. Abr. 649. When a party files his suggestion to assert a private right, by restraining an inferior court from violating or putting it in jeopardy, he is a voluntary actor, and carries on the proceedings in his own name; and in such case he cannot be at the mercy of the opposite party, so far as to be forced to submit to a verdict that might be conclusive of his rights, In such case, like every other party who is attempting to enforce a private remedy, he ought to have the right, by letting fall his action, *332 or submitting to a non-suit, to save himself from the legal consequences of a verdict. During the trial of an issue, he might be surprised by unexpected disclosures of the witnesses ; or from any other cause he might think it prudent to stay present proceedings. It is said in 5 Bac. Abr. F., that “ if, however, the court incline in favor of the prohibition, the defendant has, it seems, a right to put the plaintiff to declare; and having such right, he may, of course, waive it, and, after a rule given to declare, submit and stay proceedings.” The rights of the parties should be reciprocal, and where either is a voluntary actor, he may stop and retrace his steps that have been taken on his own motion. The narrator, in the case under consideration, had a right to file his suggestion, for the purpose of protecting his rights and franchises from violation by the defendants. His object was to enforce a private remedy at his own suit. Before the declaration was ordered to be filed, and before the defendants were brought into, court, he could have withdrawn his proceedings, without prejudice to any one. When the issue was made up, did the narrator forfeit any right that he had before 7 If so, it was by the act of the court, and not by his own will; or it may have been at the suggestion of the defendants. In the latter case, it is clear, where a declaration is tendered by the plaintiff, at the instance of the defendant, the defendant may refuse to plead and submit. And where the declaration is filed by the order of the court, it would be for the benefit of the plaintiff; and in such case, the plaintiff could waive the intended benefit, and stop his proceedings, either on his own motion, or by leave of the court. The court having a control over its own orders, can always exercise a discretion in relation to them, when prudence and justice require it. In this case, then, the plaintiff had a right, either to take a non-suit on his own motion, or to obtain leave of the court to discontinue his proceedings at any stage of them. He perhaps adopted the more prudent course, by applying to the court to discontinue his case ; and we think the Judge exercised a proper discretion in granting him leave. The result of the matter is, that the plaintiff has gained nothing by his suit, but has placed himself in the situation that he occupied before its commencement.
*333 The decision below, in both the above cases, being the same, is hereby affirmed ; and this motion is dismissed.
O’Neall, Evans, and Wardlaw, JX, concurred.
Richardson, J., absent.